UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODGER A. GRIFFIN,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>OZZIE D. KNEZOVICH,<br><br>　　　　　　Respondent. | NO.  CV-11-146-JPH<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION** |

　　　BEFORE THE COURT is Petitioner's "Objection to Recommendation to Dismiss First Amended Petition." ECF No. 20.  Petitioner, a prisoner at the Spokane County Jail, is proceeding *pro se* and in *forma pauperis*; Respondent has not been served.

　　　Mr. Griffin asserted in his First Amended Petition that he was challenging a fugitive warrant issued out of Spokane County, Washington, on April 26, 2010, cause number 10-1-01213-4.  On that date, Petitioner was incarcerated at the Spokane County Jail on Washington state charges for which he was arrested in September 2009.

　　　In his Objection, Petitioner asserts Washington commenced extradition to Montana when he signed a "waiver of extradition" on April 25, 2010. ECF No. 20-1.  On April 26, 2010, Spokane County issued the above mentioned fugitive warrant, ECF No. 20-3, based on a December 2009

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION -- 1

Montana Bench Warrant for probation violations. ECF No. 20-2.

Petitioner contends he had "bonded on local charges," on April 26, 2010, although it does not appear he was actually released from jail at that time. He asserts, after the fugitive warrant was issued, "bail was revoked." The Spokane County "fugitive information" was then "dismissed" on July 28, 2010, as no Governor's warrant had issued. ECF No. 20-4. Petitioner presents no facts showing extradition proceedings have re-commenced.

On June 8, 2011, Magistrate Judge Hutton instructed Mr. Griffin to amend his original petition. The information Petitioner had submitted was confused, there was no statement of facts, and it did not appear Petitioner had exhausted state court remedies regarding any out of state detainer lodged against him. Furthermore, it did not appear Montana had actively sought to have Petitioner "delivered over" under the Uniform Criminal Extradition Act (UCEA), RCW § 10.88.

On August 11, 2011, Magistrate Judge Hutton recommended dismissal of the First Amended Petition because Mr. Griffin is facing charges in Spokane County and any challenge to extradition (which did not appear to have commenced) would be premature. Although Mr. Griffin asserts the Washington commenced extradition to Montana when he signed a "waiver of extradition" on April 25, 2010, any extradition proceedings appear to have ceased with the dismissal of the "fugitive information" on July 28, 2010. Petitioner's contention the Washington lost jurisdiction to hold and extradite him at that time is misplaced.

Extradition laws relate to the duty of the states to deliver up

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION -- 2

fugitives upon proper demand. *White v. King Cy.*, 109 Wash.2d 777, 748 P.2d 616 (1988). The alleged fugitive's rights are limited to testing the validity of an arrest based on extradition law. *Id.* at 780-81. As stated earlier, Petitioner was already incarcerated when the fugitive warrant was issued on April 26, 2010. He does not claim he was arrested upon that warrant or wished to challenge the legality of any arrest based on the fugitive warrant. *See* RCW 10.88.290.

The fact the executive authorities of Montana and/or Washington did not perfect Mr. Griffin's extradition after April 26, 2010, does not deprive Washington of the authority to hold Petitioner. Because of the pending criminal prosecutions in Washington, Petitioner may be held until he has been tried and discharged or convinced and punished in Washington. *See* RCW 10.88.380. Furthermore, executive authorities may issue another warrant whenever they deem proper. RCW 10.88.390.

Petitioner has presented no challenge to the validity of any extradition papers and has made no showing that relief is unobtainable from the courts of the demanding state. *State ex rel. Boutwell v. Coughlin*, 90 Wn.2d 835, 586 P.2d 1145 (1978). Petitioner presents no facts showing Montana is seeking his immediate temporary custody under the Interstate Agreement on Detainers, or that he has exhausted remedies in the State of Montana. At this time, Mr. Griffin is not entitled to federal habeas relief regarding extradition. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

To the extent Mr. Griffin asserts his present detention is a violation of the Eighth Amendment prohibition against excessive bail,

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION -- 3

the *Younger* abstention doctrine requires dismissal. A federal court must not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances, which are not present here. *See Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971)(cost, anxiety and inconvenience of criminal defense is not the kind of special circumstances or irreparable harm that would justify federal court intervention); *Samuels v. Mackell*, 401 U.S. 66 (1971).

Petitioner admits there are ongoing criminal proceedings in the State of Washington which implicate important state interests (i.e., theft and check fraud). *Younger*, 401 U.S. at 43-44. Petitioner has an "adequate" or "full and fair" opportunity to raise any Eighth Amendment claims regarding excessive bail or the denial of bond in an appropriate state court proceeding. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 224-25 (9th Cir. 1994). Petitioner has not shown "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *see Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). Accordingly, there is no basis on which a federal district court should interfere with state criminal proceedings

To the extent Mr. Griffin makes a renewed request for the appointment of counsel, his request is **DENIED** for the reasons set forth in the magistrate judge's previous Order denying Motion for Appointment of Counsel. ECF No. 11.

After review of Petitioner's submissions, and being fully informed

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION -- 4

in this matter, **IT IS ORDERED** the Report and Recommendation, ECF No. 18, is **ADOPTED in its entirety** and the First Amended Petition, ECF No. 15, is **DISMISSED without prejudice** to seeking appropriate remedies in the state courts of Washington and Montana.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and enter judgment. The District Court Executive shall reserve closing the file until Petitioner's pending motion for injunctive relief has been addressed. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this ___16th___ day of September 2011.

                             S/ Edward F. Shea
                             EDWARD F. SHEA
                     UNITED STATES DISTRICT JUDGE

Q:\Civil\2011\prisoner11cv146jph-9-14-Dismisshcextradition.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED PETITION -- 5